UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:06-CR-45 |
| | ) | |
| HENRY JAMES, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**OPINION AND ORDER**

Before the Court is Defendant, Henry James's ("James") pro se "Motion for Reduction Pursuant to 18 U.S.C. §3582(c)(2)" filed on June 11, 2008. The Government responded on July 7, 2008 to which James did not reply. Also before the court is a "Motion to Withdraw as Counsel" filed by the Federal Community Defender on June 6, 2008. For the following reasons, the Motion to Withdraw will be GRANTED. James's Motion for Reduction will be DENIED.

On April 23, 2008, the undersigned granted James's request for appointment of counsel for the purpose of determining whether a Motion for Reduction pursuant to 18 U.S.C. §3582(c) was appropriate in light of the retroactive amendment to the crack guidelines. On May 9, 2008, the Federal Community Defender submitted a Notice to the Court informing the Court that because James was sentenced to a mandatory minimum sentence under U.S.S.G. §5G1.1, he was not eligible for a sentencing reduction under the amendment to the crack guidelines and that no motion for reduction would be filed. On May 20, 2008, the United States Probation Office submitted an "Addendum to the Presentence Report" which further confirmed that even with the retroactive amendment James is not eligible for a sentencing reduction under the 2007 crack cocaine guideline amendment because the statutorily required minimum sentence of 60 months is the required sentence by U.S.S.G. §5G1.1(b). In light of these filings, the Court entered an Order reciting the above,

noting that no further action would be taken in this cause on the basis of those filings and authorizing: (1) the defendant to file his own, *pro se,* Motion for Reduction, if he believed grounds existed for such a reduction or disagreed with counsel's assessment of his case and (2) the Federal Community Defender to file a motion to withdraw.  This lead to the present set of motions.

With respect to James's Motion for Reduction, he has not set forth any reason why his counsel's Notice to the court is erroneous nor has he made any argument that the facts set out by counsel, particularly the fact that he is subject to a mandatory minimum sentence, are incorrect. Rather, James merely recites recent Supreme Court case law, i.e. *Kimbrough v. United States*, 128 S.Ct. 558, and argues that he is entitled to a resentencing due to the disparity in sentencing between crack cocaine and powder cocaine offenses. However, the court's authority to revisit a sentence is limited and, in this case, is dependent upon whether the defendant has an entitlement to relief under 18 U.S.C. §3582(c)(2).[1]  Indeed, 18 U.S.C. §3582(c) and U.S.S.G. 1B1.10 are discrete provisions granting only limited jurisdiction to reevaluate the sentence.  Here, James has not demonstrated any entitlement to relief under §3582(c)(2).

A defendant sentenced to a mandatory minimum sentence is ineligible for a sentencing reduction under the retroactive amendment.  *See United States v. McGuire,* 524 F.3d 891 (8th Cir. 2008) (summarily affirming denial of reduction); *United States v. Stevens*, 2008 WL 2537133, 1 (W.D.Pa. June 24, 2008) (no reduction in cases where sentence is determined pursuant to a statutorily required mandatory minimum sentence); *United States v. Cunningham,* 2008 WL

---

[1] Even if relief was warranted under §3582(c)(2), it is questionable whether the court's jurisdiction to revisit the sentence extends beyond the limited reduction authorized by the sentencing commission in its amendments.  *See United States v. Wise,* 515 F.3d 207 (3rd Cir. 2008); *United States v. Cruz,* 2008 WL 539216 (E.D.N.Y. February 27, 2008); *United States v. Gagot*, 534 F.Supp. 2d 212, 213 (D. Mass. 2008); *United States v. Kahlmorgan,* 2008 WL 1776894 (M.D.Fla. 2008).  Only one court has held that a full resentencing is authorized by §3582(c).  *See United States v. Hicks,* 472 F.3d 1167 (9th Cir. 2007).

2477608, 2 (D.Conn. June 18, 2008)  ("...neither § 3582(c)(2) nor the policy statement authorize a reduction of his sentence below that statutory mandatory minimum"); *United States v. Neemia,* 2008 WL 2437727, 1 (D.Hawaii June 13, 2008)(holding that defendant did not receive a USSG sentence; "he received a statutory mandatory minimum sentence as established by Congress. And a reduction in his sentence is only authorized pursuant to § 3582(c)(2) where a specific "sentencing range" has been adjusted downward by the Sentencing Commission"); *United States v. Minter,* 2008 WL 2358587, 1 (W.D.Va. June 11, 2008)  ("It has been held that a defendant who committed a crime subject to a mandatory minimum sentence is not eligible for reduction"); *United States v. Wingo,* 2008 WL 2357743, 1 (E.D.Mich. June 10, 2008) ("the Commentary to the Guideline section for reductions in a sentence as a result of an amendment indicates that a reduction is inapplicable in the present case because Defendant was sentenced to a mandatory minimum term of imprisonment."); *United States v. Lloyd*,  2008 WL 2120786, 1 (D.Colo. May 20, 2008).

Here, James was sentenced to the statutory mandatory minimum sentence of 60 months. Because this was a *statutory* mandatory minimum sentence, it was not based upon a calculation of the guidelines which has subsequently been lowered by the Sentencing Commission.  *See* 18 U.S.C. §3582(c)(2) and Policy Statement, §1B1.10.  Accordingly, the Defendant is not eligible for a reduction in his sentence and the Defendant's Motion pursuant to 18 U.S.C. §3582(c)(2) is DENIED.

James has also expressed no opposition to the Federal Community Defender's Motion to Withdraw.  Accordingly, that motion is GRANTED.

## **CONCLUSION**

Based on the foregoing, James's Motion for Reduction of Sentence pursuant to 18 U.S.C. §3582(c)(2) is DENIED.  The Defendant is advised that he may appeal this Order to the Seventh

Circuit Court of Appeals within ten (10) days as provided by Fed.R.App.P. 4(b).  However, the court hereby DENIES any request for James to proceed on appeal *in forma pauperis* as the appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the court determines that the appeal is not in good faith.").[2]

The Motion to Withdraw by the Federal Community Defender is GRANTED.

SO ORDERED.

This 18th day of July 2008.

s/ William C. Lee
United States District Court

---

[2] In light of the large body of case law holding that no reduction in sentence is warranted where the defendant is subject to a statutory mandatory minimum sentence, no reasonable person could suppose the appeal to have merit.